

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Buford D. Battle
State Auditor and Efficiency Expert
Austin, Texas

Dear Sir:

Opinion No. O-4260
Re: Does the State Auditor have
authority to go into a Texas
county and make a complete
audit of the county's revenues
and expenditures, and a re-
lated question?

Your letter of December 5, 1941, requesting the
opinion of this department, reads as follows:

"This office desires to know whether it
has authority to go into a Texas county and
make a complete audit of the county's revenues
and expenditures.

"If we do not have authority to make a
complete audit, please inform us to what ex-
tent the State Auditor can audit a county's
record."

Articles 4413a-3 and 4413a-4, Vernon's Annotated
Civil Statutes, prescribing the duties of the State Auditor
and Efficiency Expert read as follows:

"Art. 4413a-3. Said Auditor is hereby
granted the authority to inspect all the books
and records of all the officers, departments
and institutions of the State Government and
shall make a complete and thorough investiga-
tion of all custodians of public funds and
disbursing officers of this State and shall
have continual access to and shall examine all
the books, accounts, reports, vouchers and
other records of any office, department, In-
stitution, Board or Bureau of the State, and

shall investigate the efficiency of the per-
sonnel and clerical forces thereof, and shall
keep a proper record of his investigations.
All present auditors of each and every depart-
ment and institution are hereby required to
furnish assistance to said Auditor and to per-
mit an inspection of their several reports,
at all times."

"Art. 4413a-4. In addition to the other
duties provided for said Auditor, he shall
thoroughly examine all departments of the State
government with special regard to their acti-
vities and the duplication of efforts between
departments, and the efficiency of the sub-
ordinate employees in each of such several
departments. He shall examine into the work
done by the subordinate employees in the sev-
eral departments of the State Government.

"Upon completing the examination of any
department he shall furnish the head of said
department with a report on (a) the efficiency
of the subordinate employees; (b) the status
and condition of all public funds in charge of
said department; (c) the amount of duplication
between work done by the department so examin-
ed and other departments of the State Govern-
ment; (d) such a system of auditing, book-
keeping, and system of accounts as will provide
for a uniform system of auditing, bookkeeping,
and system of accounts for every department
of State. He shall also make recommendations
to the said head of the departments for the
elimination of duplication and inefficiency.
A copy of each such report submitted by said
officer to the head of department shall be
forthwith furnished to the Governor, the Speaker
of the House, and the President of the Senate.
Nothing contained herein shall be construed
as authorizing the State Auditor to employ or
discharge any state employee other than those
herein authorized to be appointed by him for
his department."

We have failed to find any case where the appel-
late courts of this State have construed the two above men-
tioned statutes. However, we think that the above statutes

Honorable Buford D. Battle, Page 3

only authorize the State Auditor and Efficiency Expert to inspect all the books and records of all the officers, departments and institutions of the State government, and further empower him to make a complete and thorough investigation of all custodians of public funds and disbursing officers of the State and give him access to and the authority to examine all the books, accounts, reports, vouchers and other records of any office, department, institution, board or bureau of the State. The above enumerated powers and duties are specifically set forth in Article 4413a-3, supra. Article 4413a-4 imposes additional duties upon the State Auditor and Efficiency Expert, but the power and right to audit a county's revenues and expenditures are not included in either of the above mentioned statutes.

There are other statutes imposing certain duties upon the State Auditor and requiring the Auditor to perform certain functions in connection therewith. To illustrate, Article 689a-3, Vernon's Annotated Civil Statutes, requires the Auditor on or before the 1st day of October of the year immediately preceding the regular biennial session of the Legislature to secure, compile and submit to the Governor a report containing the information required by said statute. However, we have failed to find any statute authorizing the State Auditor and Efficiency Expert to audit a county's revenues and expenditures.

Articles 1645-1676, inclusive, Vernon's Annotated Civil Statutes, and the amendments thereto, prescribe a definite and certain method for auditing a county's revenues and expenditures by county auditors. It is a well recognized principle of law that where the Legislature prescribes a definite, certain method of procedure for a city or county to follow, other methods are by implication of law excluded. Foster v. City of Waco, (Sup. Ct.) 255 S. W. 1104.

Generally speaking, it is stated in Texas Jurisprudence, Vol. 34, p. 438:

"The powers and duties of public officers are quite generally prescribed by the Constitution and statutes, and, subject to constitutional limitations, these matters are under the control of the Legislature; indeed, in many instances the Constitution expressly gives it

Honorable Buford D. Battle, Page 4

power to prescribe the duties of particular
officers. The term 'duties' in such a grant
to the Legislature comprehends the further
idea of power or authority, and the legis-
lative act will be looked to for the authority
of the officer as well as for a definition
of his duties. Power and duties are coexten-
sive, and an officer has no authority to
perform an act in respect of which no duty
has been made to devolve upon him."

It is further stated in Texas Jurisprudence, Vol. 34,
p. 440:

"Public officers and governmental and
administrative boards possess only such powers
as are expressly conferred upon them by law
or are necessarily implied from the powers so
conferred. They cannot legally perform acts
not authorized by existing law, and the repeal
of a statute authorizing an officer to do a
particular thing, or of the statute that
creates the office, necessarily revokes and
terminates his power."

Quoting further from Texas Jurisprudence, Vol. 34,
p. 443, it is stated:

"Statutes which prescribe and limit the
exercise of official duty are strictly con-
strued in respect of the powers conferred and
the manner of their exercise, and such powers
are not to be enlarged by construction. . . .

"It is equally well settled, however,
that a law which confers a power or imposes a
duty upon an officer or board carries with it
by implication the authority to do such things
as are reasonably necessary to carry into ef-
fect the power granted or the duty imposed.
. . ."

As above stated we have failed to find any statute
expressly authorizing the State Auditor to audit a county's
revenues and expenditures; neither do we find any statute
from which such power or authority may be necessarily implied.

Honorable Buford D. Battle, Page 5

Therefore, it is our opinion that the State Auditor and Efficiency Expert has no power or authority to go into any Texas county and make a complete audit of the county's revenues and expenditures. We cannot specifically answer your second question without the presentation of all the facts that are or may be involved.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED DEC 12, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By *Ardell Williams*

Ardell Williams
Assistant

AW:GO


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN